■ NORMAN J. MORDKOFSKY et al., Appellants, v. DIME SAVINGS BANK OF BROOKLYN, Respondent, and JEFFREY LEWIS et al., Defendants.— In a consolidated action to declare the nullity of a mortgage lien, in which action the claim of defendant the Dime Savings Bank of Brooklyn to foreclose the mortgage has been ordered to continue as a counterclaim, plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Rockland County, entered November 1, 1972, as (1) granted the Dime Savings Bank's motion (a) to dismiss the complaint and the causes of action therein for failure to state a cause of action and (b) for summary judgment upon its foreclosure counterclaim; (2) appointed a Referee, etc.; and (3) denied plaintiffs' cross motion for summary judgment dismissing the foreclosure counterclaim. Order affirmed insofar as appealed from, without costs. No opinion. Hopkins, Acting P. J., Gulotta, Christ and Brennan, JJ., concur; Benjamin, J., dissents and votes to modify the order so as to deny the motion of defendant the Dime Savings Bank of Brooklyn to dismiss the complaint and for summary judgment and to strike from the order the provisions as to appointment of a Referee, with the following memorandum: I believe there are questions of fact for trial.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. LINDA A., Also Known as LINDA P., Respondent.— Appeal by the People from an order of the County Court, Dutchess County, dated June 5, 1972, which granted defendant's motion to dismiss the indictment. Order reversed, on the law, motion denied and indictment reinstated. We are of the view that the evidence before the Grand Jury was legally sufficient (see *People* v. *Peluso*, 29 N Y 2d 605). Hopkins, Acting P. J., Munder, Martuscello, Latham and Shapiro, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. VICTOR BAEZ, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered July 28, 1971, convicting him of criminally selling a dangerous drug in the second degree, criminal possession of a dangerous drug in the fourth degree and criminal possession of a dangerous drug in the sixth degree (2 counts), upon a jury verdict, and sentencing him to an indeterminate prison term not to exceed seven years on each of the first two above-mentioned counts, to run concurrently, and to a conditional discharge on the other two counts. Judgment reversed as to the sentence, on the law, and otherwise affirmed; and case remanded to the Criminal Term for resentencing in accordance with section 208 of the Mental Hygiene Law. In our opinion, reversal of the sentence is required in this case. The record shows that the sentencing court was mindful that the Narcotic Addiction Control Commission was not accepting further certification, but was apparently unaware that several options for sentence could be applied. Accordingly, the case must be remanded for resentence (*People* v. *Bennet*, 39 A D 2d 320). Martuscello, Acting P. J., Latham, Shapiro, Christ and Brennan, JJ., concur.